UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA  DIVISION

JENNIFER N. DABNEY

        Case No. 3:11cv342/RV/EMT

vs

SHAPIRO & FISHMAN, LLP., et al.

---

**ORDER**

      Plaintiff, a non-prisoner proceeding pro se, attempted to commence this action by filing a complaint via facsimile, after having been advised that same was not acceptable.  The initial pleading was returned to her as deficient (doc. 1).  She then filed a complaint which is currently before the court (doc. 2), along with a motion to proceed in forma pauperis ("IFP") (doc. 4) and a motion to dismiss (doc. 5).

      Upon review of the IFP motion and attached financial affidavit, the court concludes that Plaintiff has failed to provide sufficient information for the court to grant the motion.  For example, she denies having received any income of any kind over the past twelve months. However, Plaintiff claims to have household expenses of $520.00 per month for utilities and $100.00 per month for insurance, as well as a minor daughter who relies on her for support, although it is not apparent how Plaintiff can meet such expenses or obligations in light of her claimed lack of income.  Her motion to proceed in forma pauperis will therefore be denied without prejudice.

      Although typically the court will not review a complaint or any other submissions until the matter of the filing fee is resolved, the court has also conducted a brief review of Plaintiff's submissions.  Plaintiff asserts that her complaint is brought pursuant to "P.L. 111-22, §§ 701–704 (The Protecting Tenants at Foreclosure Act) and Administrative Order no. 09-09 A1, No. 09-09 under rule 2.215 of the Florida Rules of Judicial Administration, Federal Rule of Civil Procedure

11" (doc. 2).  She claims she has not received proper notice of Defendants' intent to evict pursuant to 83.306, Florida Statutes, that Defendants filed an improper motion for writ of possession, and that counsel is in violation of Federal Rule of Civil Procedure 11 by signing motions (presumably filed in state court)  without evidentiary support.

Plaintiff has also filed a pleading titled "emergency motion to dismiss and impose sanctions."[1]  Plaintiff actually appears to seek dismissal of a state court foreclosure action against her.[2]  To the  extent she seeks an order from this court dismissing a state court proceeding be dismissed, or any other order affecting an ongoing state proceeding, her complaint may be subject to dismissal under the authority of the Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  The Younger doctrine provides that federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.  *Id*.; *see also*  Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975); Luckey v. Miller, 976 F.2d 673, 677–78 (11th Cir. 1992); Christman v. Crist, 315 Fed. Appx. 231 (11th Cir. 2009).[3]  Although the Younger abstention doctrine usually applies in cases involving criminal prosecution or the criminal justice system, it can apply to pending civil proceedings that are akin to a criminal prosecution, as well as in a strictly civil context.  *See* Green v. Jefferson County Comm'n, 563 F.3d 1243 (11th Cir. 2009); Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) (citations omitted).   Therefore, Plaintiff's remedy may lie with the state court in which the action is currently pending.  To the extent Plaintiff claims violations of Fed. R. Civ. P. 11, she is advised that they are inapplicable to proceedings in state courts, which have their own procedural rules.  She will therefore be required to submit an amended

---

[1] This document lacks an original signature, and as such is deficient and should not have been docketed.  Based on this fact alone, it is subject to denial without prejudice.

[2] Plaintiff's motion is somewhat confusing in that she refers to Defendants in the instant federal action as "Plaintiffs" within the body of her motion, perhaps having "cut and pasted" the language from another document that was submitted in state court.

[3] The undersigned cites this case only as persuasive authority to show the continued application of Younger in this circuit and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

complaint that sets forth a short and plain statement of the grounds for the court's jurisdiction as well as a short and plain statement of the claim showing that she is entitled to relief.  *See* Federal Rule of Civil Procedure 8.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis (doc. 4) is **DENIED without prejudice**.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall pay the full $350.00 filing fee, or submit a motion to proceed in forma pauperis with a properly completed affidavit of financial status.

3. Plaintiff's motion to dismiss (doc. 5) is **DENIED without prejudice.**

4. If Plaintiff wishes to proceed with this action, within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint, as instructed above.  In the alternative, she should file a notice of voluntary dismissal within the same time.

5. Failure to comply with an order of the court will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 28th day of July 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**