UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA  DIVISION

JENNIFER N. DABNEY

Case No. 3:11cv342/RV/EMT

vs

SHAPIRO & FISHMAN, LLP.,

### REPORT AND RECOMMENDATION

This case is before the court upon Plaintiff's second amended complaint (doc. 13).  She was previously directed to amend because the court could not determine whether she could state an actionable  claim (*see* docs. 7, 10).  In her most recent complaint, Plaintiff seeks $750,000.00 in damages from Chandra W. Dasrat, Esq., Shapiro & Fishman LLP, Chase Home Finance, and Fannie Mae Association (doc. 13).  Plaintiff's claim is based on emotional stress that she allegedly suffered and time she expended during her successful efforts to fight attempts at eviction in Okaloosa County Court.

The allegations in the second amended complaint are brief.  However, they reveal that attorney Dasrat is alleged to have failed to provide proper notice under the "Protecting Tenants at Foreclosure Act of  2009" ("PTFA")  that she was seeking a writ of possession on the property where Plaintiff apparently resides.  Ms. Dasrat also allegedly failed to communicate with Plaintiff about this matter, and failed to appear for at least one court hearing in Okaloosa County, resulting in a dismissal with prejudice of Ms. Dasrat's request for a writ (doc. 13 at 3).  There are no allegations against Fannie Mae Association or Chase Home Finance, other than that Ms. Dasrat was attorney of record for Chase.  The law firm of Shapiro & Fishman appears to be named as a Defendant merely because it is Ms. Dasrat's employer.  As previously noted, Plaintiff seeks $750,000.00 in damages for her time and emotional distress.

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.  Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. Lovern, 190 F.3d at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446 (1942)); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005); *see also* Ishler v. Internal Revenue, 237 Fed. Appx. 394, 395 (11th Cir. 2007) ("Ultimately, the plaintiff bears the burden of establishing subject matter jurisdiction.").

Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity.  For federal question jurisdiction, Plaintiff must allege a violation of her constitutional rights or a right created under a federal law.  28 U.S.C. § 1331.  The mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331.  "Federal jurisdiction requires that a party assert a *substantial* federal claim."  Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  Although Plaintiff cites the PTFA in her complaint, the PTFA does not provide a private right of action.  *See* Sheikh v. Fannie Mae, 2010 WL 3734851, at *2 (M.D. Fla. 2010) (citing cases); Ingo v. Deutsche Bank Nat. Trust Co., 2011 WL 5983340, at *3 (D. Utah Nov. 29, 2011); Ford v. Central Loan Admin., 2011 WL 4702912, at *6 n.12 (S.D. Ala. 2011); Cohn v. Bank of America, 2011 WL 98840, at *6 n.9 (E.D. Cal. 2011); Nativi v Deutsche Bank Nat. Trust Co., 2010 WL 2179885, at *1 (N.D. Cal. 2010).  Because the PTFA does not provide a private right of action, this court does not have jurisdiction over Plaintiff's claim and it must be dismissed.

It is therefore respectfully **RECOMMENDED** that:

This cause be **DISMISSED** due to lack of jurisdiction.

At Pensacola, Florida, this 6th day of January, 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**